# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| 523 BURLINGAME AVE., LLC, et al.,<br><br>　　　　　　Appellant,<br><br>　　v.<br><br>ESTERLITA CORTES TAPANG,<br><br>　　　　　　Appellee. | Case No. 13-cv-01714-BLF<br><br>**ORDER DISMISSING APPEAL FROM BANKRUPTCY COURT FOR LACK OF JURISDICTION** |

In this bankruptcy appeal, appellant creditor 523 Burlingame Ave., LLC ("Appellant") seeks review of an order of the Bankruptcy Court preliminarily enjoining Appellant from proceeding with a trustee's sale of a property in the bankruptcy estate. For the reasons stated herein, the Court finds that the order at issue is not an appealable final order within the meaning of 28 U.S.C. § 158(a)(1), nor is it appropriate for review as an interlocutory order pursuant to 28 U.S.C. § 158(a)(3). As such, the Court must DISMISS this appeal for lack of jurisdiction.

## I. PROCEDURAL HISTORY

### A. Bankruptcy Court Proceedings

This is an appeal from an individual Chapter 11 bankruptcy case filed by appellee debtor Esterlita Cortes Tapang ("Appellee"). Appellant holds a loan partially secured by one of Appellee's properties located at 523 Burlingame Ave, Capitola, CA 95010 ("Subject Property"), which is now part of the bankruptcy estate. In May 2012, the Bankruptcy Court lifted the automatic stay on the Subject Property and Appellant commenced non-judicial foreclosure proceedings. (Appellant's Br., 3:8-15, ECF 7) Thereafter, Appellee instituted an adversary proceeding against Appellant, challenging its standing to foreclose on the Subject Property. (*Id.*

3:24-28)  Appellee also filed an emergency application for Temporary Restraining Order against the impending trustee's sale, which the Bankruptcy Court granted, and moved for a preliminary injunction against the sale, which the Bankruptcy Court set for briefing and a merits hearing.  (*Id.* 4:1-5)  Following a series of delays and continuances, the Bankruptcy Court on March 29, 2013 issued a "Tentative Ruling on Motion for Preliminary Injunction" and conducted a hearing on the motion that same day.  (*Id.* 4:23-5:6; *see also* Excerpts of Record on Appeal, at ER1720-25, ECF Nos. 9-13 (hereinafter "Record"))  At the hearing, the Bankruptcy Court granted the preliminary injunction and, on April 7, 2013, issued the injunction order that is the subject of this appeal ("April 7 Order").  (Not. Of Appeal Exh. 1, ECF 1 (hereinafter, "April 7 Order"))

The Bankruptcy Court's April 7 Order preliminarily enjoined Appellant from proceeding with a trustee's sale of the Subject Property "through May 30, 2013."  (April 7 Order, 2:3)  In granting the injunction, the Bankruptcy Court found that Appellee debtor was "unlikely to succeed on the merits of the adversary proceeding challenging [Appellant's] standing," but she had a "reasonable likelihood of a successful reorganization" though her March 26, 2013 First Amended Plan did not appear to be confirmable.  (*Id.* 2:18-22)  The Bankruptcy Court reasoned that finding that the First Amended Plan was not confirmable did "not mean Debtor cannot confirm *any* plan," and suggested actions Appellee could take to confirm a reorganization plan that would permit her to keep the Subject Property.  (*Id.* 4:22-5:11)  The Bankruptcy Court also opined, based upon a ruling of the Ninth Circuit Bankruptcy Appellate Panel ("BAP"), that "the absolute priority rule does not apply to individual Chapter 11 debtors" and, as such "is not likely an obstacle to confirmation.  (*Id.* 5:12-16 (citing *In re Friedman*, 466 B.R. 471 (9th Cir. B.A.P. 2012)))  The Bankruptcy Court further found that Appellee faced irreparable injury from losing her investment property, which also provided her employment, and that the balance of hardships weighed in Appellee's favor.  (*Id.* 5:19-6:9)

The bankruptcy proceedings continued after the filing of the instant appeal on April 16, 2013.  Appellee submitted a Second Amended Plan on April 30, 2013, and on May 30, 2013 the Bankruptcy Court issued an "Order Continuing Preliminary Injunction of Limited Duration"

2

United States District Court
Northern District of California

1  assessing the likelihood of a successful reorganization based on the Second Amended Plan.
2  (Appellee's Renewed Mot. to Dismiss Exh. 2, ECF 47-1 (hereinafter, "May 30 Order"))[1]  It
3  appears that the Bankruptcy Court has continued to enjoin Appellant from selling the Subject
4  Property, though the parties have not provided the complete record of continuing injunctions.[2]

### B.  District Court Proceedings

Appellant filed the instant appeal on April 16, 2013, contending that the Bankruptcy Court erred in finding that Appellee's First Amended Plan demonstrated a reasonable likelihood of a successful reorganization and that the court had erred in following the Ninth Circuit BAP to conclude that the absolute priority rule would not be a barrier to Appellee's successful individual Chapter 11 reorganization.  (*See* Appellant's Br.)  Appellee did not timely respond and instead filed on July 5, 2013 an Ex Parte Motion to Dismiss with Alternative Enlargement of Time Request, which Appellant vehemently opposed.  (*See* Appellee's Mot. to Dismiss, ECF 17; Appellant's Opp. to Mot. to Dismiss, ECF 18)  The Court summarily denied Appellee's motion to dismiss but granted an extension of time, allowing Appellee to file her responsive brief on or before August 6, 2013.  (*See* ECF 20)  Although the Court granted a further extension to August 20, 2013, Appellee did not file her responsive brief until September 26, 2013.  (Appellee's Br., ECF 29)  Appellant promptly moved to strike Appellee's untimely filing.  (ECF 30)

On April 17, 2014, this appeal was reassigned to the undersigned, and this Court conducted a case management conference on May 7, 2014 during which Appellant agreed to withdraw its Motion to Strike and instead file a substantive reply to Appellee's responsive brief.  (CMC Order, ECF 43)  Appellant timely filed its reply on May 14, 2014.  (Appellant's Reply, ECF 45)  Thereafter, Appellee filed a Renewed Ex Parte Motion to Dismiss, which Appellant again

---

[1] The Court hereby takes judicial notice of the May 30, 2013 order entered by the Bankruptcy Court, as the authenticity of an order issued by another court is not subject to reasonable dispute. Fed. R. Evid. 201(b).  Reference to Appellee's Renewed Ex Parte Motion to Dismiss is only for purposes of easily locating the relevant document before the Court.

[2] The Court hereby takes judicial notice of the Bankruptcy Court docket for Case No. 12-bk-05239, the adversary proceeding concerning these injunctions.

opposed. (Appellee's Renewed Mot. to Dismiss, ECF 47; Appellant's Opp. to Renewed Mot. to Dismiss, ECF 48) Because this Court finds that it lacks jurisdiction to review the April 7 Order, Appellee's Renewed Motion to Dismiss is DENIED as moot.

## II. ANALYSIS

"Jurisdiction over an appeal from an order of a bankruptcy court is governed by 28 U.S.C. § 158." *In re Frontier Properties, Inc.*, 979 F.2d 1358, 1362 (9th Cir. 1992). Section 158 enumerates three circumstances under which the district court has jurisdiction over appeals from the Bankruptcy Court: (1) appeals "from final judgments, orders, and decrees," 28 U.S.C. § 158(a)(1); (2) appeals from "interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title," *id.* § 158(a)(2); and (3) appeals "with leave of court, from other interlocutory orders and decrees," *id.* § 158(a)(3). Because this appeal concerns a preliminary injunction, only §§ 158(a)(1) and (3) are applicable here.

### A. Section 158(a)(1)

If an order of the Bankruptcy Court is final within the definition of 28 U.S.C. § 158(a)(1), the district court must hear the appeal. *In re City of Desert Hot Springs*, 339 F.3d 782, 787 (9th Cir. 2003). Interim orders are not subject to automatic appeal. The Bankruptcy Court has the authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this [bankruptcy] title." 11 U.S.C. § 105(a). A preliminary injunction order issued pursuant to the Bankruptcy Court's § 105(a) authority is considered final and appealable if that court "contemplates no further hearings on the merits of the injunction, apart from the outcome of the reorganization." *Shugrue v. Air Line Pilots Ass'n, Int'l (In re Ionosphere Clubs, Inc.)*, 139 B.R. 772, 778 (S.D.N.Y.1992) (quoted with approval in *In re Excel Innovations, Inc.*, 502 F.3d 1086, 1093 (9th Cir. 2007)).

Appellee contends that the April 7 injunction was not a final order because it was of a limited duration and the Bankruptcy Court "stated that 'if debtor did not present a plan with likelihood of successful reorganization, the court would dissolve the injunction.'" (Appellee's Br.,

6)[3] Appellant argues that the April 7 Order was final because "[t]he Bankruptcy Court has enjoined 523 LLC from completing a foreclosure sale 'through plan confirmation.'"[4] (Appellant's Reply, 9:27-28)  That is not entirely accurate because Appellant quotes and cites to the Bankruptcy Court's March 29, 2013 *tentative* order for this proposition.  (*See id.* (citing Record, ER1720))  The Bankruptcy Court's April 7 Order—the one on appeal—does not contain the quoted "through plan confirmation" language.  Rather, the April 7 Order enters a preliminary injunction only through May 30, 2013.  (*See* April 7 Order 2:5)  Thus, the April 7 Order's preliminary injunction was of limited duration and expressly contemplated as interim in nature. (*See* April 7 Order 7:1-7)

Moreover, it is clear from the transcript of the March 29, 2013 hearing on the initial injunction that the Bankruptcy Court intended only to give Appellee a short period of time in which to file a new reorganization plan with "better numbers." (Hr'g Tr. 31:24-25, 36:6-8, ECF 14)  This intent is confirmed in the April 7 Order that ultimately issued: "Giving Plaintiff a short additional time to analyze the Court's comments and make some decisions about what plan to offer creditors will not unduly prejudice Defendant." (April 7 Order 6:2-5; *see also id.* 7:3-4 (ordering Appellee to file an amended plan and continuing the matter to May 23, 2013))  Notably, at the conclusion of the hearing, the Bankruptcy Court specifically addressed its intent to return to the merits of the injunction at a subsequent hearing:

> MR. CROSBY:[5]   Well, would you – would the injunction be dissolved at [the next hearing on May 23, 2013]?  Will that be the final time that – or are we just going to push this out again?

---

[3] Appellee did not provide any appropriate citation for the quoted passage.

[4] Appellant also maintains that the Court already held the order to be appealable by denying Appellee's first motion to dismiss the appeal.  (*See* Appellant's Reply 9:28-10:1)  This argument is without merit because the Court's previous denial was summary in nature, and there is no evidence that the denial was based on the merits of Appellee's jurisdictional argument.  (*See* ECF 20)  Moreover, the finality of the order being appealed is a question of this Court's subject matter jurisdiction that cannot be waived.  In that respect, Appellant's contention that Appellee "admitted jurisdiction in her case management statement," (Appellant's Reply 10:1), is also unavailing.

[5] Mr. Crosby is Appellant's counsel before the Bankruptcy Court.

> THE COURT: It depends, Mr. Crosby. I have to see what it is. I have to see where it is and how strong it is. . . .
>
> THE COURT: And if we are where we are today, you have a good argument that I should lift the injunction.

(Hr'g Tr. 38:9-23) Thus, the Bankruptcy Court clearly intended to revisit the merits of the injunction—i.e., the likelihood of Appellee's successful reorganization based on a new plan—at a later date, thus providing Appellant with the opportunity to submit further argument that the preliminary injunction was not appropriate.

In fact, the Bankruptcy Court did revisit the issue on May 30, 2013, finding that Appellee showed a reasonable likelihood of a successful reorganization based her *Second* Amended Plan filed April 30, 2013. (*See* May 30 Order) This subsequent order is the best evidence that the Bankruptcy Court did not intend the April 7 Order to be final and that it in fact had contemplated further proceedings on the merits of the preliminary injunction. The May 30, 2013 injunction issued on different facts and evidence than previously relied upon, such as Appellee's procurement of two lines of credit, her consultation with experience bankruptcy counsel, and her "progress toward resolving the plan treatment of several creditors."[6] (*Id.* 2:24-4:3:6) The Bankruptcy Court specifically concluded its finding of a reasonable likelihood of successful reorganization by noting that "Debtor's assets and income are considerable, and sufficient to give Debtor the flexibility to confirm a feasible plan." (*Id.* 4:1-3) Thus, regardless that it was labeled as a "continuing injunction," the Bankruptcy Court's May 30, 2013 order articulated new facts in support of its determination to further enjoin Appellant from selling the Subject Property.

It may very well be that the May 30, 2013 injunction based on Appellee's Second Amended Plan was an appealable final order, particularly in light of the injunctions that have continued to flow from that order absent further evidence or argument on the merits. (*See, e.g.*, Appellant's Opp. to Renewed Mot. to Dismiss 2:11-15) Those injunctions are not before this

---

[6] Because the May 30, 2013 order is not before this Court on appeal, the Court refers to the Bankruptcy Court's findings and conclusions only for the purpose of noting the differences between the April 7 and May 30 injunctions and expresses no opinion on the merits of the May 30 Order.

Court, nor are the parts of the record that would enable this Court to engage in meaningful review of the Bankruptcy Court's findings with respect to the Second Amended Plan. The April 7, 2013 Order, issued on different factual findings concerning Appellee's likelihood of a successful reorganization based on her First Amended Plan is the order on review, and the Court concludes that order was not final so as to be reviewable pursuant to 28 U.S.C. § 158(a)(1).

### B. Section 158(a)(3)

This Court also has the discretion to hear appeals of interlocutory orders and decrees from the Bankruptcy Court. 28 U.S.C. § 158(a)(3); *see City of Desert Hot Springs*, 339 F.3d 782, 787. Although Appellant did not seek leave to file an appeal pursuant to this provision, the district court may treat Appellant's notice of appeal as a motion for leave to appeal. Fed. R. Bankr. P. 8003. In determining whether to grant leave to appeal pursuant to § 158(a)(3), the Court considers whether the appeal "involves a controlling question of law as to which there is substantial ground for difference" that, if decided immediately, "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also In re Bertain*, 215 B.R. 438, 441 (B.A.P. 9th Cir. 1997); *In re Betta Products, Inc.*, No. C 07-04825 WHA, 2007 WL 3023044, at *1-2 (N.D. Cal. Oct. 15, 2007) (applying § 1292(b) in same context).

This appeal presents a question of law—the applicability of the absolute priority rule to individual Chapter 11 cases—as to which there is substantial ground for difference. (*See, e.g.*, Appellant's Br., 17:10-22:5 (discussing cases)) The Court, however, is not persuaded that this question can be deemed "controlling." In light of the fact that the Bankruptcy Court has issued a subsequent injunction based on a different plan, it is not at all clear that deciding this question with respect to the April 7 Order would materially affect the outcome of the ongoing bankruptcy proceedings. *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981). Appellant argued that the application of the absolute priority rule to Appellee's First Amended Plan would preclude her from ever confirming that plan. (Appellant's Br., 22:6-8; *see also* Appellant's Reply, 2:4-7) That plan has since been superseded by the Second Amended Plan filed April 30, 2013. This latter plan is not before this Court, and Appellant has not argued that the absolute priority

rule continues to be a barrier to confirmation of the operative plan before the Bankruptcy Court. The Court further notes that the Bankruptcy Court did not raise the absolute priority rule issue in its May 30, 2013 injunction order assessing the Second Amended Plan, discussing only the outstanding issues with respect to secured claims.[7] (*See generally* May 30 Order)  There is no evidence before this Court that Appellant raised the absolute priority concern with respect to the Second Amended Plan, and Appellant has not appealed the Bankruptcy Court's May 30, 2013 order or argued that the applicability of the absolute priority rule is dispositive of the success of the Second Amended Plan.  The bankruptcy proceedings have progressed since the initial filing of this appeal, and it is not clear on the record before this Court whether the applicability of the absolute priority rule is a controlling question with respect to the new injunction entered by the Bankruptcy Court on May 30, 2013.

Under these circumstances, the Court, in its discretion, DENIES leave to appeal the April 7 Order pursuant to 28 U.S.C. § 158(a)(3).

### III.    CONCLUSION

For the foregoing reasons, the Court finds that the Bankruptcy Court's April 7, 2013 Decision on Motion for Preliminary Injunction was an interim order not appealable pursuant to 28 U.S.C. § 158(a)(1).  The Court, in its discretion, DENIES leave to appeal that order pursuant to 28 U.S.C. § 158(a)(3).  This appeal is accordingly DISMISSED for lack of jurisdiction.  The Clerk of the Court shall close the case file.

Dated: July 11, 2014

*[signature]*
BETH LABSON FREEMAN
United States District Judge

---

[7] While this could be due to the Bankruptcy Court's earlier expressed opinion that the absolute priority rule "is not likely an obstacle to confirmation," (April 7 Order, 5:15-16), this Court will not read between the lines of the Bankruptcy Court's reasoned order to conjecture about a potential ground for interlocutory appeal where none appears on the face of the record.